Jason McDaniels

Plaintiff, Pro Se

RCV'D - USDC COLA SC
DEC 29 '25 AM 10:39

1594 Lost Creek Dr

Columbia, SC 29212

Email: Fresh803@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

Jason McDaniels,

Plaintiff,

v.

SOUTH CAROLINA STATE CONFERENCE OF THE NAACP;

UNKNOWN EVENT ATTENDANTS AND SECURITY PERSONNEL (DOES 1–10),

Defendants.

Civil Action No. 3:25-cv-14000-SAL-SVH

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

I. INTRODUCTION

1. This civil rights action arises from the unconstitutional suppression of protected political speech and peaceful assembly on January 15, 2024, during the "King Day Rally" held on the grounds of the South Carolina State House in Columbia, South Carolina.

2. Plaintiff, a peaceful attendee at the rally, was selectively targeted, censored, and ultimately removed from the event because of the content and viewpoint of his speech—specifically, speech relating to reparations and quotations from Dr. Martin Luther King Jr.

3. Plaintiff's removal occurred despite the presence of numerous other attendees who were permitted to display signs, chant political slogans, cheer loudly, and engage in expressive conduct without interference.

4. Defendants' conduct constituted viewpoint discrimination, content-based regulation of speech, and selective enforcement in a traditional public forum, in violation of the First and Fourteenth Amendments to the United States Constitution.

5. Defendants acted under color of state law by exercising delegated authority to control access to and regulate expressive conduct on State House grounds, and by acting jointly and in coordination with law enforcement and federal security agencies.

6. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, nominal damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

8. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Columbia, South Carolina, within this judicial district.

III. PARTIES

10. Plaintiff is an adult individual who attended the King Day Rally on January 15, 2024, and engaged in peaceful expressive activity protected by the First Amendment.

11. Defendant South Carolina State Conference of the NAACP ("NAACP Defendant") is an organization that organized, managed, and exercised control over the King Day Rally and its participants on South Carolina State House grounds.

12. Defendants DOES 1–10 are unidentified event attendants, security personnel, or agents acting on behalf of the NAACP Defendant or jointly with state or federal authorities. Their true identities are presently unknown.

13. Plaintiff will seek leave of Court to amend this Complaint to substitute the true names of DOES 1–10 once their identities are discovered through discovery.

14. At all relevant times, Defendants acted under color of state law and within the scope of their authority.

IV. FACTUAL ALLEGATIONS

A. The King Day Rally and Forum Status

15. On January 15, 2024, Plaintiff attended the "King Day Rally" held on the grounds of the South Carolina State House.

16. The South Carolina State House grounds are a traditional public forum, historically and constitutionally protected for political speech, assembly, and protest.

17. The United States Supreme Court has expressly recognized the South Carolina State House grounds in Columbia as a paradigmatic public forum. Edwards v. South Carolina, 372 U.S. 229 (1963).

18. The rally was open to the public, advertised broadly, and attended by members of the general public without individualized invitation or screening.

B. Plaintiff's Protected Speech

19. Plaintiff carried signs displaying quotations from Dr. Martin Luther King Jr., accompanied by factual statements related to racial justice and reparations.

20. Plaintiff did not engage in threats, incitement, obscenity, or disruptive conduct.

21. Plaintiff spoke calmly with fellow attendees, engaged in political discussion, and cheered during speeches—conduct indistinguishable from that of numerous other attendees.

C. Selective Enforcement and Content-Based Restrictions

22. Upon entering the event area, Plaintiff was approached by an event attendant and informed that "no signs" were permitted.

23. At that same time, numerous other attendees were visibly carrying signs, including signs expressing political messages such as "Free Palestine."

24. Plaintiff explained that his signs consisted of quotations from Dr. Martin Luther King Jr.

25. The attendant examined Plaintiff's signs, read their content, and ultimately deemed them "acceptable."

26. This examination constituted a content-based restriction, as enforcement depended entirely on the message conveyed.

27. Plaintiff was then warned that "outbursts" would not be tolerated.

28. While Plaintiff was being warned, other attendees were loudly chanting "No justice, no peace," cheering, and engaging in expressive conduct without reprimand.

29. Plaintiff later engaged in quiet discussion with other attendees regarding reparations.

30. The same attendant returned and claimed that the United States Secret Service was "complaining" about Plaintiff's group being loud, despite the surrounding crowd being louder.

31. Plaintiff was subsequently "disinvited" and ordered to leave the rally without explanation.

32. Defendants refused to articulate any neutral or uniformly applied rule that Plaintiff had violated.

33. Plaintiff's removal from the event and all aforementioned interactions were recorded on video.

D. State Action

34. Defendants exercised authority to regulate expressive conduct and exclude individuals from South Carolina State House grounds.

35. Defendants represented that they were acting in coordination with the United States Secret Service and other law enforcement entities assigned to the State House grounds.

36. Defendants' directives carried the implicit and explicit threat of law enforcement enforcement and removal.

37. The State of South Carolina knowingly permitted Defendants to control access to, regulate expressive activity on, and exclude individuals from a traditional public forum.

38. Defendants exercised powers traditionally and exclusively reserved to the State.

39. Defendants were therefore willful participants in joint activity with the State and acted under color of state law for purposes of 42 U.S.C. § 1983.

V. LEGAL CLAIMS

COUNT I – Violation of the First Amendment – Viewpoint Discrimination (42 U.S.C. § 1983)

40. Plaintiff realleges all preceding paragraphs.

41. The First Amendment prohibits government actors from discriminating against speech based on viewpoint.

42. Defendants permitted expressive conduct supporting certain political viewpoints while suppressing Plaintiff's speech concerning reparations.

43. Defendants' actions were motivated by disagreement with Plaintiff's viewpoint.

44. Viewpoint discrimination is presumptively unconstitutional and subject to strict scrutiny.

45. Defendants cannot demonstrate a compelling governmental interest or narrow tailoring.

46. Plaintiff suffered deprivation of constitutional rights as a direct and proximate result of Defendants' actions.

COUNT II – Content-Based Restriction in a Traditional Public Forum (42 U.S.C. § 1983)

47. Plaintiff realleges all preceding paragraphs.

48. Defendants enforced rules requiring them to read, analyze, and approve the content of Plaintiff's signs.

49. Such enforcement is content-based under Reed v. Town of Gilbert, 576 U.S. 155 (2015).

50. Content-based restrictions in traditional public forums are presumptively invalid.

51. Defendants lacked a constitutionally permissible justification.

COUNT III – Selective Enforcement – Equal Protection Clause (42 U.S.C. § 1983)

52. Plaintiff realleges all preceding paragraphs.

53. Defendants enforced purported rules against Plaintiff but not against similarly situated attendees.

54. Enforcement was based on the content and viewpoint of Plaintiff's speech.

55. This selective enforcement violated the Equal Protection Clause of the Fourteenth Amendment.

COUNT IV – First Amendment Retaliation (42 U.S.C. § 1983)

56. Plaintiff realleges all preceding paragraphs.

57. Plaintiff engaged in protected First Amendment activity.

58. Defendants took adverse action by removing Plaintiff from the rally.

59. Plaintiff's protected speech was a substantial motivating factor for Defendants' actions.

VI. DAMAGES AND INJURY

60. Plaintiff suffered loss of constitutional rights, emotional distress, humiliation, and chilling of protected speech.

61. Plaintiff is entitled to compensatory and nominal damages.

62. Plaintiff intends to attend future public rallies and events held on South Carolina State House grounds, including events organized or managed by Defendants.

63. Absent injunctive relief, Plaintiff faces a real and immediate threat of being subjected to the same unconstitutional conduct.

64. Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated the First and Fourteenth Amendments;

B. Enjoin Defendants from engaging in similar unconstitutional conduct;

C. Award compensatory and nominal damages;

D. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

E. Grant such other relief as the Court deems just and proper.

VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 12-29-2025

Respectfully submitted,

Jason McDaniels

Plaintiff, Pro Se

Respectfully submitted,

Jason McDaniels

Plaintiff, Pro Se